## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MICHAEL PRESTON,**                         CASE NO. 1:22 CV 1976

      Petitioner,

      v.                                   JUDGE JAMES R. KNEPP II

**WARDEN HAROLD MAY,**

      Respondent.                          **MEMORANDUM OPINION AND
                                             ORDER**


Petitioner Michael Preston, a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Amanda M. Knapp for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On November 12, 2025, Judge Knapp issued an R&R recommending the Court deny Petitioner's grounds for relief and dismiss the Petition. (Doc. 11). Petitioner filed objections to the R&R. (Doc. 14).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies and dismisses Petitioner's habeas Petition.

### BACKGROUND

This habeas case, filed on October 26, 2022, stems from Petitioner's January 2020 convictions for reckless homicide, aggravated robbery, murder, and felonious assault. *See* Doc. 1; *State v. Preston*, 2021 WL 2765175 (Ohio Ct. App.). In his habeas Petition to this Court, Petitioner raised three grounds for relief:

| **Ground No. 1**: | A Criminal Defendant Michael Preston State and Federal Constitutional rights are violated when his conviction stands on Insufficient Evidence. |
| --- | --- |
| **Ground No. 2:** | When the trial court admits Gruesome Photographs of Body parts where there is no dispute over the cause of death, it violates State Evidence rules and the State and Federal Constitutions. |
| **Ground No. 3**: | The Trial Court violates the Accused's right to Due Process and a fair trial when it permits a prosecution witness to comment on the credibility of a pre-trial identification process. |

(Doc. 1, at 7, 13, 16).

In her R&R, Judge Knapp recommends the Court deny Ground One on the merits, dismiss and/or deny Grounds Two and Three as not cognizable and meritless. *See* Doc. 11, at 11-34.

### STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213-14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

2

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn.) (citing *Howard*, 932 F.2d at 509); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *EEOC v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

### DISCUSSION

Ground One

As to Ground One, Petitioner's sufficiency of the evidence claim, Petitioner presents a multi-pronged objection. *See* Doc. 14, at 4-7. First, he contends there was insufficient evidence to identify him as the perpetrator. Second, he argues that, because reckless homicide is a lesser included offense of murder, his conviction on reckless homicide demonstrates there is insufficient evidence to convict him of murder. Third, and finally, Petitioner challenges the reliability of DNA evidence presented at trial.

Petitioner, in essence, re-argues the purported merits of his claims and does not identify specific errors in the Magistrate Judge's analysis. This is insufficient to trigger *de novo* review. *See Phillips v. Turner*, 2017 WL 2221591, at *3 (N.D. Ohio) ("[A]n Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs."); *Aldrich*, 327 F. Supp. 2d at 747. Nevertheless, on *de novo* review, the Court finds the R&R accurately sets forth clearly

established federal law regarding the sufficiency of the evidence, and correctly concludes that the Ohio appellate court's determination of this issue was not contrary to or an unreasonable application of that law. *See* Doc. 11, at 11-22; 28 U.S.C. § 2254(d)(1). Petitioner's objection regarding Ground One is overruled.

Grounds Two & Three

As with Ground One, Petitioner's objections to the Magistrate Judge's recommended disposition of Grounds Two and Three simply re-argue his claims and do not present specific objections to the R&R. *See Phillips*, 2017 WL 2221591, at *3; *Aldrich*, 327 F. Supp. 2d at 747.

Again, the Court finds the Magistrate Judge thoroughly reviewed and analyzed Petitioner's claims that he was entitled to habeas relief based on the trial court's admission of autopsy photographs and a detective's testimony regarding the pretrial identification process. On *de novo* review, the Court agrees with and adopts the R&R's well-reasoned analysis and conclusion that Grounds Two and Three present non-cognizable state law claims and that Petitioner has not demonstrated that these evidentiary determinations violated his due process rights. *See* Doc. 11, at 23-34.

Double Jeopardy

Finally, Petitioner asserts "a double jeopardy clause violation applies to his case and argument herein." (Doc. 14, at 9) (capitalization altered). But Petitioner did not present this argument to the Magistrate Judge in his Petition or his Reply/Traverse. *See* Docs. 1, 9.[1] Parties cannot "raise at the district court stage new arguments or issues that were not presented" *before* the Magistrate Judge's final R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)

---

1. It also does not appear that Petitioner presented a double jeopardy argument at any stage of the state court appellate proceedings. *See* Doc. 8-1, at 56, 136, 197.

("Courts have held that while the Magistrate Judge Act . . . permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *see also Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (finding the district court properly found plaintiff waived an argument asserted for first time in his objections to the magistrate judge's report). This argument is not properly before the Court.[2]

CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Knapp's R&R (Doc. 11) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED and DISMISSED as set forth therein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

    *s/ James R. Knepp II*

---

2. Moreover, even if the argument were properly before the Court, it is meritless. Petitioner objects to being *charged* with both aggravated murder (which resulted in the lesser included reckless homicide conviction) and murder. (Doc. 14, at 9). He emphasizes that the double jeopardy clause of the Fifth Amendment protects "against multiple punishments for the same offense." *Id.* (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977). But these convictions were merged for purposes of sentencing and Petitioner was only *sentenced* on the murder conviction. *See Preston*, 2021 WL 2765175, at *5. He was not subjected to "multiple punishments for the same offense" and there was no double jeopardy violation.

5

UNITED STATES DISTRICT JUDGE

Dated: February 23, 2026